**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALI DARWICH,** | : | **CIVIL ACTION NO. 1:22-CV-998** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **S. SPAULDING,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

**<u>MEMORANDUM</u>**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241.

Petitioner, Ali Darwich, who is presently incarcerated in the Lewisburg United

States Penitentiary ("USP-Lewisburg"), challenges his 2013 conviction in the

United States District Court for the Eastern District of Michigan for using fire to

commit fraud, aiding and abetting wire fraud, aiding and abetting mail fraud, and

conspiracy to launder money.  We will dismiss the petition for lack of jurisdiction.

**I.     <u>Factual Background & Procedural History</u>**

Following a jury trial in 2013, Darwich was convicted of seven counts of using

fire to commit fraud in violation of 18 U.S.C. § 844(h)(1), twelve counts of aiding and

abetting wire fraud in violation of 18 U.S.C. § 1343, thirteen counts of aiding and

abetting mail fraud in violation of 18 U.S.C. § 1341, and one count of conspiracy to

launder money in violation of 18 U.S.C. § 1956(h).  <u>See United States v. Darwich</u>,

No. 2:10-CR-20705-4 (E.D. Mich. May 23, 2013).  The charges against Darwich arose

from "a scam in which he orchestrated the flooding, vandalization, and torching of

dozens of properties so that he could collect the insurance proceeds." <u>United States</u>

v. Darwich, No. 2:10-CR-20705, 2016 WL 146662, at *1 (E.D. Mich. Jan. 13, 2016).

The court sentenced Darwich to 1,647 months of imprisonment.  United States v.

Darwich, 574 F. App'x 582, 584 (6th Cir. 2014).

Darwich appealed, arguing (1) that the district court erred by imposing

consecutive sentences for the violations of 18 U.S.C. § 844; (2) that he was subjected

to selective prosecution because the government prosecuted him and other Arabic-

speaking codefendants but did not prosecute white and black codefendants; (3) that

he was denied his right to a jury of his peers; (4) that the district court erred in

determining that he had breached an immunity agreement with the government;

and (5) that the district court erred in denying him funds for a private investigator.

Id. at 585-88.  The United States Court of Appeals for the Sixth Circuit affirmed on

July 24, 2014.  Id. at 595.  Darwich filed a petition for writ of certiorari to the United

States Supreme Court, which was denied on March 2, 2015.  Darwich v. United

States, 574 U.S. 1200 (2015).

Darwich subsequently moved to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255.  Darwich, 2016 WL 146662, at *1.  Darwich raised six

grounds for relief in his Section 2255 motion: (1) that his trial counsel was

ineffective; (2) that he was subjected to selective prosecution; (3) that the district

court committed errors during jury selection; (4) that the district court erred in

finding that he had breached the immunity agreement; (5) that the district court

erred by denying him funds for a private investigator; and (6) that the district court

erred by charging him as an aider and abettor.  Id. at *2.  The Eastern District of

Michigan denied relief as to the selective prosecution, jury selection, breach of

immunity, and private investigator claims because those claims were considered and rejected on direct appeal. Id. The court further found that Darwich was not entitled to relief with respect to his ineffective assistance of counsel and aider and abettor claims. Id. at *2-3.

Darwich attempted to file a second or successive Section 2255 motion on several occasions after the denial of his first Section 2255 motion. As relevant to the instant case, Darwich requested leave from the Sixth Circuit in 2019 to file a second or successive Section 2255 motion to argue "that his § 844(h)(1) convictions for using fire to commit fraud no longer qualify as crimes of violence" under the Supreme Court's holding in United States v. Davis, 588 U.S. __, 139 S. Ct. 2319 (2019). In re Darwich, No. 19-1294 (6th Cir. Sept. 25, 2019). The Sixth Circuit denied the request, noting that Darwich's reliance on Davis was "misplaced" because Davis "held that the residual clause of 18 U.S.C. § 924(c)(3)(B), which defines 'crime of violence' for purposes of § 924(c), is unconstitutionally vague. . . . But Darwich was not convicted under § 924(c)." Id. (internal citation omitted).

Darwich filed the instant petition in the United States District Court for the Eastern District of Pennsylvania on May 25, 2022, and the Eastern District received and docketed the petition on May 27, 2022. (Doc. 1). The case was transferred to this district on June 23, 2022. (Doc. 5). Although it is somewhat difficult to parse Darwich's petition, we liberally construe the petition as raising three arguments for relief: (1) that Darwich was subjected to selective prosecution because of his race, (Doc. 1 at 4, 6; (2) that his conviction and sentence are unlawful under Davis, 139 S. Ct. at 2319; Deal v. United States, 508 U.S. 129 (1993), and Bailey v. United States,

516 U.S. 137 (1995), (Doc. 1 at 11-13); and (3) that the district court erred by

imposing consecutive sentences, (Id. at 14).

## II.      Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C.

§ 2254, a district court must promptly review a petition and dismiss it if it is plain

from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. §

2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus

cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III.     Discussion

Federal prisoners seeking post-conviction relief from their judgment of

conviction or the sentence imposed are generally required to bring their collateral

challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  The Third Circuit

Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the

presumptive means by which federal prisoners can challenge their convictions or

sentences that are allegedly in violation of the Constitution."  Okereke v. United

States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333,

343 (1974)).  Section 2255(e), often referred to as the savings clause, specifically

prohibits federal courts from entertaining a federal prisoner's collateral challenge

by an application for habeas corpus unless the court finds that a Section 2255

motion is "inadequate or ineffective."  Id. at 120 (citing In re Dorsainvil, 119 F.3d

245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the

petitioner must show "that some limitation of scope or procedure would prevent a §

2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under Section 2255 is "inadequate or ineffective," permitting resort to Section 2241, where a prisoner who previously filed a Section 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Upon review of Darwich's petition, we find that we lack jurisdiction to consider his claims. To begin, Darwich may not challenge his conviction and sentence based on Davis, Deal, and Bailey because those cases are plainly inapplicable to the facts of this case. Davis, Deal, and Bailey all address legal issues pertaining to 18 U.S.C. § 924(c), but Darwich was not convicted or sentenced under Section 924(c).

We additionally lack jurisdiction to consider Darwich's selective prosecution and consecutive sentence claims. Darwich raised both claims on direct appeal to the Sixth Circuit and in his first Section 2255 motion. See Darwich, 574 F. App'x 585-88; Darwich, 2016 WL 146662, at *2. Section 2241 habeas corpus petitions may

not be used to reargue claims that were previously raised and rejected on direct appeal or in Section 2255 proceedings.  See, e.g., Jackman v. Warden Fort Dix FCI, 648 F. App'x 241, 243 (3d Cir. 2016); Diaz-Pabon v. Warden, USP Lewisburg, PA, 160 F. App'x 251, 253-54 (3d Cir. 2005); see also Cradle, 290 F.3d at 539 ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief. . . .").

## IV.    Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 29, 2022